No. 3967

Second Circuit

(Second Division)

———

FROST LUMBER INDUSTRIES, INC., v. RAINES

———

(January 14, 1932. Opinion and Decree.)

———

John B. Files, of Shreveport, attorney for plaintiff, appellant.

Charles H. Blish, of Shreveport, attorney for defendant, appellee.

Lee & Williams, of Mansfield, attorneys for plaintiff, appellant.

Pegues & Pegues, of Mansfield, and J. S. Pickett, of Many, attorneys for defendant, appellee.

TALIAFERRO, J. This suit was instituted by plaintiff to recover of the defendant the sum of $492.60 with interest thereon at the rate of 5 per cent per annum from January 15, 1930. Plaintiff alleges that during the month of February, 1929, it purchased from one W. C. Beall a certain tract of land situated in Sabine parish, Louisiana, comprising some 2,400 acres of land, a small portion of which was in cultivation and the balance being timber land and wood land. That in the deed of transfer to plaintiff by the said Beall the following stipulation or clause was embodied:

"That sale is made subject to certain lease agreements between the vendor herein and certain tenants occupying and ·ising portions of said property for the purpose of raising crops during the year 1929; said present tenants to be allowed to cultivate and raise crops thereon for the year 1929 but all rental due, being one fourth of all crops, to be paid by said tenants to the vendee herein, Frost Lumber Industries, Inc."

That agreeably to the terms of said sale and purchase the rentals from said lands were deposited by the tenants thereon with the firm of Hardee & Glaspie Company, Inc., amounting to the net sum of $492.60, to the credit of the "Beall Place," as had been done in previous years. That without authority of plaintiff, defendant collected said money from Hardee & Glaspie Co., Inc., and failed and refused to pay it over to plaintiff, and this suit is brought to recover from defendant said amount with interest, as hereinabove stated, from January 15, 1930, which is alleged to be the date the defendant received said amount from the firm of Hardee & Glaspie Co., Inc.

Answering the demands of plaintiff, the defendant claims and contends that for a number of years prior to the purchase of the property by plaintiff it was owned by W. C. Beall, of Pineville, Rapides parish, Louisiana, and that for several years prior to sale thereof to plaintiff, defendant had been employed by Beall at an agreed salary of $25 per month, in the capacity of overseer of said property with the duties of renting the cultivated portion of same, collecting the rent and stumpage for any timber sold, and looking after trespassing and forest fires thereon. That at the date of the transfer of said property the defendant was so employed by the vendor thereof and continued to be so employed up to February 20, 1929, at which time he was advised by the said Beall that he had sold said property to the plaintiff. Defendant further contends that he was employed by the plaintiff herein to continue to oversee said property for it for the year 1929, upon the same terms as he had done for Mr. Beall, and that he continued to perform such duties during the year 1929, and that he is entitled to compensation therefor at the rate of $25 per month for eleven months of said year. He admits that he collected the sum of $492.60 from the firm of Hardee & Glaspie Co., Inc., retaining $275 as his salary for the eleven months, and endeavored to pay the plaintiff the balance of $217.60. Judgment was rendered for plaintiff in the sum of $217.60 and against it for costs. Plaintiff appealed.

It will thus be seen that the defense presented is that the defendant had a contract of employment with the plaintiff for the period of time in question, and if this be true, he would be entitled to the amount contended for by him.

The issues presented for decision involve only questions of fact. We have carefully read and examined the evidence in the case in order to arrive at a correct conclusion with reference to whether or not there was a contract of employment between plaintiff and defendant, express or implied. It is undisputed that the defendant did actually have such employment with plaintiff's vendor for several years prior to the acquisition by the plaintiff. The compensation he was to receive therefor is clearly disclosed by the record. That this employment continued up to the 20th day of February, 1929, is likewise clearly revealed by the record; also, the duties to be performed by the defendant under such employment appear to be undisputed.

Relative to whether or not there was either an implied or expressed contract of employment of defendant by plaintiff, or whether the plaintiff assumed the contract theretofore existing between the defendant and the prior owner, Beall, the evidence may be summarized as follows:

Beall testified that upon sale of the property to the plaintiff, represented by J. C. Bice, he requested to know of the representative who would be in charge of the property for the plaintiff. That he was informed by Bice that he, Bice, would be in charge of it, whereupon Beall informed Bice that if he needed any one to assist him he could not do better than employ either of the Raines brothers. It is not disclosed that Bice, representing the plaintiff, stated to this witness that the plaintiff would desire the employment of anyone as overseer, nor was Beall requested or invited to inform the defendant that the plaintiff desired to retain him in its services. Bice merely stated that he would see the plaintiff about matters in general concerning the property. The evidence of Beall further discloses that he had employed the defendant for the year 1929 in the capacity of overseer, providing he did not sell the place, and if he did sell the place, that same would be sold subject to the rent contracts, and that he, Beall, in the event of sale would take care of the renters. Nowhere does the evidence reveal that Beall in selling the property, agreed to take care of the defendant who had theretofore been in charge of the property as overseer. And the evidence does not disclose that the defendant was a tenant on the property, but does show that he did not reside on it. The testimony of Beall further shows that after sale of the property he settled with the defendant up to the time the property was sold.

The defendant himself as a witness stated that no direct promise was made to him by the plaintiff to continue to pay him in accordance with his prior contract with the former owner of the property, Beall, but that he thought that he was to be paid the salary by the plaintiff; and that he based his contention for salary merely upon the fact that when the representative of the plaintiff came to see him the first time, this representative told him to go ahead and finish collecting the rents and that later he, the representative, would come back and have a settlement.

This was many months after plaintiff bought the property.

It appears further that under the employment of the defendant by the prior owner of the property he drew monthly on his employer for his salary, but that during the near eleven months after the purchase of the property by the plaintiff herein, defendant did not attempt to collect any salary, and the first time he spoke to anyone connected with plaintiff about his claim for salary was when he visited the office of plaintiff, in the fall of 1929, after the rents had been paid in.

The evidence further discloses that the agents of the plaintiff looked after the timber lands and the defendant, if any service was rendered by him at all, gave his attention to the cultivated lands, such as collection of rentals or seeing that the rentals were deposited with the firm of Hardee & Glaspie Co., Inc.

We do not think the testimony establishes either that there was a contract of employment entered into between the plaintiff and defendant, or that the plaintiff intended to assume the contract between defendant and the prior owner of the property.

Defendant appears to have assumed from what Mr. Beall advised him that plaintiff would retain his services as overseer, but the evidence does not establish this to be true. The property had been leased to tenants before its sale, as the lease contracts were protected in the act of sale.

To justify a holding that plaintiff assumed the obligations of Beall towards defendant, the evidence should be conclusive of such fact. It is not reasonable to assume that plaintiff would desire to retain the services of an overseer, involving a salary of nearly $300, for the simple duty of collecting rents totaling not more than $600 gross.

The trial court erred in permitting the defendant to retain the sum of $275 as salary for the employment claimed.

The defendant alleges on a contract of employment with no alternative demand on a quantum meruit, and as he has failed to establish such defense, he cannot recover on the alleged contract. However, a careful review of the testimony reveals that he may have rendered some particular, limited services to plaintiff, which are deserving of compensation, and his rights on that account will be reserved to him.

It is therefore, for the reasons herein assigned, ordered, adjudged, and decreed that the judgment appealed from be and same is hereby amended; and it is now ordered, adjudged and decreed that plaintiff do have and recover judgment against the defendant in the sum of $492.60 with 5 per cent per annum interest thereon from January 15, 1930, until paid, reserving to defendant the right to recover of plaintiff any amount provable on quantum meruit; that defendant pay all costs of suit, and as thus amended said judgment is affirmed.